IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. <u>13-</u> |
| v. | : | DATE FILED: |
| JOSE ANTIGUA<br>MELQUISIDEC CARABALLO | : | VIOLATION:<br>18 U.S.C. § 371 (conspiracy–1 count) |
| | : | Notice of Forfeiture |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. Mortgage IT, Inc. ("Mortgage IT") was a subsidiary of Deutsche Bank, AG, which was a bank holding company as defined in 18 U.S.C. § 20(6) and the parent of Deutsche Bank Trust Company Americas, a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC), under certificate number 623.

2. Countrywide Home Loans, d/b/a America's Wholesale Lender was a subsidiary of Countrywide Financial Corporation ("Countrywide), which was a bank holding company as defined in 18 U.S.C. § 20(6), and the parent of Countrywide Bank National Association, a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, under certificate number 33143.

1. Mortgage IT, Countrywide, and First Magnus Financial Corporation ("First Magnus") were organizations which financed and refinanced debt secured by interests in

real estate and whose activities affected interstate and foreign commerce (collectively the "mortgage lending businesses").

   3. Mortgage IT, Countrywide, and First Magnus often sold their interests in mortgage loans to other mortgage lending businesses, including federally insured banks such as Bank of America, National Association, FDIC certificate number 3510 ("Bank of America"), some of which sold their interests in the loans to government-sponsored enterprises such as the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "secondary investors").

   4. Defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO were licensed real estate agents who represented persons seeking to purchase or sell real estate in the Commonwealth of Pennsylvania and who earned commissions on real estate transactions they helped consummate for their clients. For most of 2006, both ANTIGUA and CARABALLO worked at Dino Melendez Real Estate ("Melendez Real Estate") in Allentown, Pennsylvania. In or about January 2007, ANTIGUA and CARABALLO opened a branch of Exit Realty Corp. International ("Exit Realty"), in Allentown, where they both worked until at least June 2008.

   5. Madison Funding was a loan origination company, with branch offices in the Eastern District of Pennsylvania and elsewhere, which served as a broker between people seeking to purchase real estate and mortgage lending businesses such as Countrywide, Mortgage IT, and First Magnus.

6. Madison Funding had one branch that was located in the same building in Allentown, Pennsylvania, as Melendez Real Estate. The general manager of this branch of Madison Funding was Joel Tillett, who was also a real estate agent at Melendez Real Estate.

7. From at least 2006 until approximately April 23, 2007, Claribel Gonzalez worked as a loan officer, and Florentina Peralta, a/k/a "Cindy Peralta," worked as a loan processor at this branch of Madison Funding. As a loan officer, Gonzalez met with potential borrowers, interviewed them, and filled out loan applications on their behalf, which included representations by the purchaser about whether he or she intended to use the property as a principal residence, a second home, or an investment property. As a loan processor, Peralta gathered documentation in support of loan applications, such as verifications of the applicant's employment, bank deposits, and rent histories, as well as pay stubs, tax forms, bank statements, "gift letters," and residential leases.

8. On or about April 23, 2007, Claribel Gonzalez opened a second Allentown branch of Madison Funding in a location adjacent to the building where defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO were operating their branch of Exit Realty. Florentina Peralta, joined Gonzalez at this new branch of Madison Funding.

9. Whenever a Madison Funding client applied for a mortgage loan, information regarding that application was transmitted by United States mail and/or through interstate wire transmission, such as facsimile transmissions from Madison Funding's office in

3

Pennsylvania to Countrywide's offices in California, Mortgage IT's offices in New York, or First Magnus's offices in Arizona.

10. From at least October 2006 until at least August 11, 2008, in Allentown, in the Eastern District of Pennsylvania, and elsewhere, defendants

**JOSE ANTIGUA
and
MELQUISIDEC CARABALLO**

conspired and agreed, with Claribel Gonzalez and Florentina Peralta, a/k/a "Cindy Peralta," both charged elsewhere, and other persons, known and unknown to the United States Attorney, to commit offenses against the United States, that is: (a) the knowing execution of schemes to defraud financial institutions including Mortgage IT, Countrywide, and Bank of America, in violation of Title 18, United States Code, Section 1344; and (b) the intentional devising and executing of a scheme to defraud financial institutions, involving interstate wires, in violation of Title 18, United States Code, Section 1343.

**MANNER AND MEANS**

It was part of the conspiracy that:

11. Defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO met with clients who sought to purchase real estate in and around Lehigh County, Pennsylvania, but needed mortgage loans in order to purchase the real estate. Defendants ANTIGUA and CARABLLO helped their clients enter into agreements to purchase real estate, knowing that

many clients either had bad or no credit, and/or were unemployed or minimally employed, and/or were otherwise poor credit risks for mortgage lenders,

It was a further part of the conspiracy that:

12. Defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO referred clients whom they knew were poor credit risks to co-conspirator Claribel Gonzalez at Madison Funding, knowing that Gonzalez would submit fraudulent loan applications on behalf of those clients to mortgage lending businesses.

13. Co-conspirator Claribel Gonzalez intentionally submitted loan applications on behalf of defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO's clients that contained false representations of the clients' employment histories, annual incomes, and bank account holdings. Co-conspirator Florentina Peralta supported some of these fraudulent loan applications by providing the mortgage lending businesses with forged and falsified documents supporting the fraudulent loan applications, including but not limited to forged and altered bank statements, tax forms, pay stubs, gift letters, and residential leases.

14. In some cases, defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO helped their clients enlist people with good credit (such as family members) to pretend that they were the ones buying the real estate and sign their names on the sales and loan application documents.

15. In other transactions, defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO falsely represented that the real estate purchases were for primary residences in

5

order to enable their clients to make smaller down payments and pay lower interest rates on the loans.

16. In some cases, defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO helped clients buy multiple properties at roughly the same time and falsely represent that each property was to be the client's primary residence.

17. On other mortgage loan applications, defendant JOSE ANTIGUA helped Claribel Gonzalez and Florentina Peralta falsely represent to mortgage lending businesses that potential borrowers worked for defendant ANTIGUA's uncle in order to make them appear creditworthy, when in reality, the borrowers were unemployed.

18. In total, defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO and their co-conspirators helped their real estate clients obtain more than $1.7 in loans from mortgage lending businesses through the submission of fraudulent loan applications. Many of those loans have since gone into default, causing the lenders and the secondary investors who purchased the loans to incur losses in the hundreds of thousands of dollars.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, and their co-conspirators, including Claribel Gonzalez and Florentina Peralta, a/k/a "Cindy Peralta," both charged elsewhere, committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

1.      On or about September 6, 2006, Claribel Gonzalez and Florentina Peralta submitted to Countrywide a loan application for J.J.1 and J.J.2, persons known to the United States Attorney, that contained false employment information provided by defendant JOSE ANTIGUA and thereby induced Countrywide to issue a loan for approximately $102,600 to J.J.1 and J.J.2 for the purchase of real estate located at 1508 Coronado Street in Allentown, Pennsylvania.

2.      On or about January 15, 2007, Claribel Gonzalez submitted for E.G. and K.G., persons known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application that contained false employment information and induced Countrywide to issue a loan for approximately $134,400 to E.G. and K.G. for the purchase of real estate located at 516 Harrison Street in Allentown, Pennsylvania.

3.      On or about March 12, 2007, Claribel Gonzalez submitted a loan application for H.P., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application that contained a false representation that H.P. intended to use the loan to purchase a principal residence and induced Countrywide to issue a loan for approximately $125,030 for the purchase of real estate located at 928 W. Chew Street in Allentown, Pennsylvania.

4.      On or about April 27, 2007, Claribel Gonzalez and Florentina Peralta submitted for A.L., a person known to the United States Attorney and referred to Gonzalez by

defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application that contained a false representation that A.L. intended to use the loan to purchase a principal residence and induced Countrywide to issue a loan for approximately $178,998 for the purchase of real estate located at 222 N. Fulton Street in Allentown, Pennsylvania.

      5.      On or about May 4, 2007, Claribel Gonzalez and Florentina Peralta submitted for A.L., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application that contained a false representation that A.L. intended to use the loan to purchase a principal residence and that fraudulently omitted information relating to A.L.'s purchase of real estate at 222 N. Fulton Street and induced Mortgage IT to issue a loan for approximately $147,150 for the purchase of real estate located at 618 N. 11th Street in Allentown, Pennsylvania.

      6.      On or about May 4, 2007, Claribel Gonzalez and Florentina Peralta submitted for H.P., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application that fraudulently omitted information relating to H.P.'s purchase of real estate at 928 W. Chew Street and induced Mortgage IT to issue a loan for approximately $144,000 for the purchase of real estate located at 928 W. Chew Street in Allentown, Pennsylvania.

      7.      On or about May 30, 2007, Claribel Gonzalez and Florentina Peralta submitted for H.P., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application that

contained a false representation that H.P. intended to use the loan to purchase a principal residence and fraudulently omitted information relating to H.P.'s purchases of real estate at 928 W. Chew Street and 124 South 5th Street and induced First Magnus to issue a loan for approximately $144,000 for the purchase of real estate located at 926 W. Chew Street in Allentown, Pennsylvania.

8.      On or about June 17, 2007, Claribel Gonzalez and Florentina Peralta submitted for N.C., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application for N.C. containing false employment information and induced Countrywide to issue a loan for approximately $292,000 to N.C. for the purchase of real estate located at 1015 S. Poplar Street in Allentown, Pennsylvania.

9.      On or about September 17, 2007, Claribel Gonzalez and Florentina Peralta submitted for L.B., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application containing false employment information and forged bank statements and induced Mortgage IT to issue a loan for approximately $82,737 to L.B. for the purchase of real estate located at 836 2 N. 6th Street in Allentown, Pennsylvania.

10.     On or about October 12, 2007, Claribel Gonzalez and Florentina Peralta submitted for C.R., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application containing

false employment and bank information and induced Mortgage IT to issue a loan for approximately $223,250 to C.R. for the purchase of real estate located at 1559 W. Liberty Street in Allentown, Pennsylvania.

11. On or about October 17, 2007, Claribel Gonzalez and Florentina Peralta submitted for L.B., a person known to the United States Attorney and referred to Gonzalez by defendants JOSE ANTIGUA and MELQUISIDEC CARABALLO, a loan application containing false employment information and forged bank statements and induced Mortgage IT to issue a loan for approximately $54,000 to L.B. for the purchase of real estate located at 420 N. Law Street in Allentown, Pennsylvania.

12. On or about August 11, 2008, Claribel Gonzalez and Florentina Peralta, submitted to Countrywide a loan application for J.A., a person known to the United States Attorney, that contained false employment information provided by defendant JOSE ANTIGUA and thereby induced Countrywide to issue a loan for approximately $128,250 to J.A. for the purchase of real estate located at 132 South Madison Street in Allentown, Pennsylvania.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE

1. As a result of the violation of Title 18, United States Code, Sections 371, 1343 and 1344, described in Count One this information. defendants

**JOSE ANTIGUA
and
MELQUISIDEC CARABALLO**

shall forfeit to the United States of America any property, real or personal that constitutes or is derived from proceeds traceable to the commission of such violation, including, but not limited to the following:

    (a) The sum of $777,688.32 in United States currency (forfeiture money judgment).

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461.

_____
**ZANE DAVID MEMEGER**
**United States Attorney**